**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-01945-WJM-CBS
**TYLER SANCHEZ**

       **Plaintiff,**

**v.**

**DETECTIVE JOE RYAN HARTLEY,
DETECTIVE RYAN WOLFF,
DETECTIVE MIKE DUFFY,
DETECTIVE HEATHER MYKES, and
INVESTIGATOR MICHAEL DICKSON, in their individual capacities,
BOARD OF COUNTY COMMISSIONERS OF DOUGLAS COUNTY, and
DOUGLAS COUNTY SHERIFF'S OFFICE,**

       **Defendants.**

---

## STIPULATED PROTECTIVE ORDER

---

Under Rules 26(c) and 26(c)(7), Fed. R. Civ. P., upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential and proprietary information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1.     This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.     As used in this Protective Order, the term "document" is defined as

provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.     Information designated "CONFIDENTIAL" shall be information that is confidential, including but not limited to personnel information regarding employees of a party to this litigation, the Plaintiff's or any individual Defendant's health or tax information, any third party's health or tax information, the identity of the minor victim of the sexual assault for which Plaintiff was arrested, and/or other information which is entitled to protection under Fed.R.Civ.P. 26(c). As a condition of designating information as CONFIDENTIAL, the information must be reviewed by a lawyer who must make a good faith determination that the information is entitled to protection, and designating the information as CONFIDENTIAL represents the attorney's certification of this determination.

4.     CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case. The duty to keep CONFIDENTIAL information confidential survives the completion of this case.

5.     CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed subject to Paragraph 11 of this Order to:

     (a)     attorneys actively working on this civil action;

     (b)     persons regularly employed or associated with the attorneys

actively working on this civil action whose assistance is required by

said attorneys in the preparation for trial, at trial, or at other

proceedings in this civil action;

(c)     the parties;

(d)     expert witnesses and consultants retained in connection with this civil action, to the extent such disclosure is necessary for preparation, trial or other proceedings in this civil action;

(e)     the Court and its employees ("Court Personnel");

(f)     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this civil action;

(g)     deponents, witnesses, or potential witnesses;

(h)     jurors and copying services; and

(i)     other persons by written agreement of the parties.

6.     Prior to disclosing any CONFIDENTIAL information persons listed in subparagraphs 5(d) or 5(g), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.  Other exceptions to the requirement of written acknowledgment may be made by written agreement of the parties.

7.     Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following notice: "CONFIDENTIAL."

8.     Any party that wishes to file CONFIDENTIAL information with the Court

must move the Court to file such information under seal pursuant to D.C.COLO.LCivR 7.2 unless the party making the CONFIDENTIAL notation agrees in writing that the information may be filed without seal.

9.    Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

10.    A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information

as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11.     Following the conclusion of the case, the parties may return or destroy the CONFIDENTIAL information or may retain the CONFIDENTIAL information subject to the terms of this Protective Order.

12.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this __7th__ day of ____August_____, 2013.

**BY THE COURT:**

__s/ Craig B. Shaffer_____
United States Magistrate Judge

**STIPULATED BY:**


**s/Sarah J. Parady**

_____
John A. Culver, Esq.
Sarah J. Parady, Esq.
Seth J. Benezra, Esq.
**BENEZRA & CULVER, P.C.**
274 Union Blvd., #220
Lakewood, CO 80228-1835
(303) 716-0254
sjparady@bc-law.com
*Attorneys for Plaintiff*


**s/Gordon L. Vaughan**

_____
Gordon L. Vaughan, Esq.
**VAUGHAN & DeMURO**
111 South Tejon, Suite 545
Colorado Springs, CO 80903
Telephone:  719-578-5500
gvaughan@vaughandemuro.com
*Attorney for Defendants Hartley and Wolff*


**s/Kelly Dunnaway**

_____
Kelly Dunnaway, Esq.
Patrick Field, Esq.
**DOUGLAS COUNTY ATTORNEY'S OFFICE**
100 Third St.
Castle Rock, CO 80104
(303) 660-7414
kdunnawa@co.douglas.co.us
*Attorney for Defendants Duffy, Mykes,*
*Board of County Commissioners, and Sheriff's Office*


**s/Andrew D. Ringel**

_____
Andrew D. Ringel, Esq.
**HALL & EVANS, L.L.C.**
1125 17th Street, Suite 600
Denver, CO 80202-2052
303-628-3453; Fax: 303-293-3238
ringela@hallevans.com
*Attorney for Defendant Dickson*