IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01945-WJM-CBS

TYLER SANCHEZ

    Plaintiff,

v.

DETECTIVE JOE RYAN HARTLEY,
DETECTIVE RYAN WOLFF,
DETECTIVE MIKE DUFFY,
DETECTIVE HEATHER MYKES, and
INVESTIGATOR MICHAEL DICKSON, in their individual capacities,
BOARD OF COUNTY COMMISSIONERS OF DOUGLAS COUNTY, and
DOUGLAS COUNTY SHERIFF'S OFFICE,

    Defendants.

---

## DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT AND JURY DEMAND

---

Defendants, Detective Mike Duffy, Detective Heather Mykes, Board of County Commissioners of Douglas County, and the Douglas County Sheriff's Office (collectively, "Douglas Defendants"), by and through the Douglas County Attorney, hereby answers Plaintiff's Second Amended Complaint [DOC #52] ("Second Amended Complaint") as follows:

### INTRODUCTION

1. Douglas Defendants deny the allegations set forth in paragraph 1 of the Second Amended Complaint.

### JURISDICTION

2. Douglas Defendants deny the allegations set forth in paragraphs 2 and 3 of the Second Amended Complaint.

1

## PARTIES

3. Douglas Defendants lack personal knowledge sufficient to admit or deny, and therefore, deny the allegations set forth in paragraph 4 of the Second Amended Complaint.

4. Douglas Defendants admit the allegations set forth in paragraphs 5, 6, 7, 8, 9, and 10 of the Second Amended Complaint.

5. Douglas Defendants deny the allegations set forth in paragraph 11 of the Second Amended Complaint.

6. Douglas Defendants lack personal knowledge sufficient to admit or deny, and therefore deny, the allegations set forth in paragraph 12 of the Second Amended Complaint.

## FACTUAL ALLEGATIONS

7. Douglas Defendants admit the allegations set forth in paragraphs 18, 19 and 77 of the Second Amended Complaint.

8. Douglas Defendants deny the allegations set forth in paragraphs 15, 16, 17, 37, 47, 60, 63, 67, 78, 83, 84, 88, 89, 90, and 91 of the Second Amended Complaint.

9. Defendant lacks sufficient knowledge to admit or deny, and therefore denies, the allegations set forth in paragraphs 13, 14, 20, 21, 22, 23, 24, 25, 27, 28, 29, 30, 31, 32, 33, 34, 54, 55, 56, 61, 73, 74, 76, 82, 85, and 86 of the Second Amended Complaint.

10. With respect to paragraphs 39, 40, 41, 42, 43, 44, 45, 46, 49, 58, 59, 62, 64, 66, 75, and 80 of the Second Amended Complaint, Plaintiff quotes from or refers to documents or principles of law that speak for themselves. Douglas Defendants deny these allegations to the extent they do not accurately reflect what is stated in the document or principle of law.

11. With respect to paragraph 26 of the Second Amended Complaint, Douglas Defendants admit that Mr. Sanchez was read his *Miranda* rights and provided with a copy and that Mr. Sanchez signed the waiver, but deny that Mr. Sanchez did not understand the written or verbal statement of rights.

12. Douglas Defendants deny in part and admit in part the allegations in paragraph 35 of the Second Amended Complaint. Douglas Defendants admit that Detectives Mykes and Duffy were assigned to investigate the July 10, 2009 sexual assault, but deny that they were specifically informed of Mr. Sanchez' "answers to questions."

13. With respect to paragraph 36 of the Second Amended Complaint, Douglas Defendants admit that Detectives Mykes and Duffy began the interview of Mr. Sanchez at 7:37 a.m. on July 17, 2009 and that Detectives Wolff and Hartley briefed Detectives Mykes and Duffy, but do not recall whether they knew exactly how long Mr. Sanchez had been awake, and deny that the Progress Report was provided to Detectives Mykes and Duffy at that time.

14. With respect to paragraph 38 of the Second Amended Complaint, Douglas Defendants admit that Mr. Sanchez was provided a verbal *Miranda* warning and that Mr. Sanchez did state he was tired. Douglas Defendants deny all remaining allegations in paragraph 38.

15. With respect to paragraph 48 of the Second Amended Complaint, Douglas Defendants admit that the interview was completed at 11:30 a.m. on July 17, 2009. Douglas Defendants lack personal knowledge sufficient to admit or deny, and therefore, deny that Mr. Sanchez went to sleep at 11:00 p.m. on July 17, 2009 and that Mr. Sanchez had been awake over twenty-four hours.

16. With respect to paragraph 50 of the Second Amended Complaint, Douglas Defendants lack personal knowledge sufficient to admit or deny, and therefore, deny knowing at what time Mr. Anthony Sanchez arrived at the Douglas County Jail and what information was provided to him. Douglas Defendants deny providing any instructions to delay the payment of Mr. Sanchez' bond.

17. Douglas Defendants deny the allegations in paragraph 51 of the Second Amended Complaint in part and admit in part. Douglas Defendants admit that on July 18, 2009 at 8:45 a.m., Detectives Mykes and Duffy transported Mr. Sanchez to the District Attorney's Office for a polygraph exam. Douglas Defendants deny the remainder of the allegations in paragraph 51 and state that the Douglas County Sheriff's Office does not provide any information on transports as a security measure.

18. With regards to the allegations in paragraph 52 of the Second Amended Complaint, Douglas Defendants admit that Detective Mykes briefed Investigator Dickson. However, with regards to the remaining allegations in paragraph 52, Douglas Defendants lack personal knowledge sufficient to admit or deny, and therefore, deny what Investigator Dickson learned regarding the sexual assault victim's assailant.

19. Douglas Defendants admit in part and deny in part the allegations in paragraph 53 of the Second Amended Complaint. Douglas Defendants admit that Detectives Mykes and Duffy learned of Mr. Sanchez' seizure disorder, but deny the remainder of the allegations in paragraph 53.

20. With regards to the allegations in paragraph 57 of the Second Amended Complaint Douglas Defendants lack personal knowledge sufficient to admit or deny, and therefore, deny what time Mr. Anthony Sanchez was allowed to pay bond and what information

was provided to him. The Douglas Defendants deny that any instructions were provided to delay Mr. Sanchez' release.

21. Douglas Defendants admit in part and deny in part the allegations in paragraph 65 of the Second Amended Complaint. Douglas Defendants admit the allegations except that, with respect to the characterization of what Detective Duffy told Mr. Sanchez about the new charges, the video recording of that discussion speaks for itself.

22. Douglas Defendants admit in part and deny in part the allegations in paragraph 68 of the Second Amended Complaint. Douglas Defendants admit that Mr. Sanchez was released around 3 p.m. on July 18, 2009. Douglas Defendants admit that Detective Mykes spoke with Mr. Anthony Sanchez, but deny that the alleged substance of the conversation in paragraph 68 is correct.

23. With regards to paragraph 69 of the Second Amended Complaint, Douglas Defendants admit that public defender Tom Ward arrived and that, at that time, the interrogation ended, but Douglas Defendants lack personal knowledge sufficient to admit or deny, and therefore, deny the remaining allegations in paragraph 69.

24. Douglas Defendants admit in part and deny in part the allegations in paragraph 70 of the Second Amended Complaint. Douglas Defendants admit that Detective Mykes has received training on interrogation techniques. Douglas Defendants deny the remaining allegations in paragraph 70.

25. With regards to the allegations in paragraph 71 of the Second Amended Complaint, the Douglas Defendants state that Plaintiff quotes from or refers to documents or principles of law that speak for themselves. In addition, Detective Duffy admits that he assisted

in drafting the Statement in Support of Warrantless Arrest and Detective Mykes admits that she described Mr. Sanchez' confessions to a judge.

26. Douglas Defendants admit in part and deny in part the allegations in paragraph 72 of the Second Amended Complaint. Douglas Defendants do not recall Detective Duffy briefing Detective Mykes regarding the interview with Mr. Anthony Sanchez. Douglas Defendants admit the remaining allegations in paragraph 72.

27. With regards to paragraph 79 of the Second Amended Complaint, Douglas Defendants admit that during the course of the investigation of the case, new information regarding Mr. Sanchez' disabilities was brought to light and that numerous witnesses were interviewed. Paragraph 79 refers to a document and that document speaks for itself.

28. Douglas Defendants admit in part and deny in part the allegations outlined in paragraph 81 of the Second Amended Complaint. Douglas Defendants admit that on March 30, April 27, and April 28, 2010, there was a hearing and that Detective Mykes testified at said hearing. Douglas Defendants deny all remaining allegations in paragraph 81.

29. With regards to paragraph 87, Douglas Defendants deny the charges were false, admit that the detention lasted approximately four months and that upon release, movement was restricted and GPS monitoring was required. With respect to the particulars of those restrictions and monitoring, Douglas Defendants lack personal knowledge sufficient to admit or deny, and therefor deny the remaining allegations.

**FIRST CLAIM FOR RELIEF**

30. With respect to the allegations set forth in paragraph 92 of the Second Amended Complaint, Douglas Defendants incorporate its responses to each of those paragraphs incorporated by Plaintiff.

31. Douglas Defendants deny the allegations set forth in paragraphs 93, 95, 96, 97, 98, 99, 100 of the Second Amended Complaint.

32. Douglas Defendants lack sufficient knowledge to admit or deny, and therefore deny, the allegations set forth in paragraphs 94, 101, 102, 103 of the Second Amended Complaint.

## PRAYER FOR RELIEF

33. Douglas Defendants deny that Plaintiff is entitled to any relief whatsoever.

## RESPONSE TO ALL PARAGRAPHS AND ALLEGATIONS

34. Answering all allegations contained in Plaintiff's Second Amended Complaint, Douglas Defendants deny each and every allegation not expressly admitted above.

## AFFIRMATIVE DEFENSES

35. Some or all of Plaintiff's Claims are barred by the doctrine of qualified immunity.

36. Plaintiff failed to state a claim upon which relief can be granted.

37. Plaintiff failed to mitigate his damages, if any.

38. Douglas Defendants did not authorize or implement any unconstitutional policy, custom or practice, and did not act with deliberate indifference.

39. Plaintiff's injuries, if any, were caused by a third party for whom Douglas Defendants were not responsible.

40. Plaintiff cannot recover exemplary or punitive damages against a public entity or the officials or employees in their official capacities.

41. Plaintiff's claims fail because the actions and/or omissions of the Douglas Defendants, if any, were privileged and/or justified.

42. Douglas Defendants incorporate any applicable affirmative defenses of any Co-Defendants herein.

43. Douglas Defendants reserve the right to amend their affirmative defenses.

44. The allegations of the Second Amended Complaint do not rise to the level of a Constitutional deprivation under which the Court has jurisdiction.

45. Plaintiff's injuries, if any, are the result of his own conduct and/or omissions and/or negligent conduct and/or omissions and act as a bar to reduce any damages.

46. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

47. This Court lacks subject matter jurisdiction over Plaintiff's law claims.

WHEREFORE, having answered Plaintiff's Second Amended Complaint, Douglas Defendants respectfully request that said Douglas Defendants be dismissed with prejudice and that Douglas Defendants be awarded their attorney's fees and costs, and for such other relief which is necessary and just.

Respectfully submitted this 3rd day of September, 2014.

s/ *Kelly Dunnaway*
Kelly Dunnaway
Douglas County Deputy County Attorney
100 Third Street
Castle Rock, CO  80104
Telephone:  303-660-7414
E-mail:  kdunnawa@douglas.co.us

*Attorney for Douglas Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3rd day of September, 2014, I electronically filed the foregoing DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT AND JURY DEMAND with the clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

                                                                                                                               */s/ Cindy L. Hancock*

***Pursuant to USDC ECF Procedure V.C.5, a printed copy of this document with original signatures will be maintained by the Office of the Douglas County Attorney and made available for inspection upon request.***