**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-1945-WJM-CBS

TYLER SANCHEZ,

    Plaintiff,

v.

JOE RYAN HARTLEY, Detective, in his individual capacity,
RYAN WOLFF, Detective, in his individual capacity,
MIKE DUFFY, Detective, in his individual capacity,
HEATHER MYKES, Detective in her individual capacity,
MICHAEL DICKSON, Investigator, in his individual capacity,
BOARD OF COUNTY COMMISSIONERS OF DOUGLAS COUNTY, and
DOUGLAS COUNTY SHERIFF'S OFFICE,

    Defendants.

---

**ORDER DENYING DEFENDANTS' MOTION TO RECONSIDER OR
ALTERNATIVELY FOR CERTIFICATION OF ISSUE**

---

This matter is before the Court on the Joint Limited Motion to Reconsider or Alternatively for Certification of Issue Pursuant to 28 U.S.C. § 1292(b) (the "Motion") filed by Defendants Detective Joe Ryan Hartley, Detective Ryan Wolff, Detective Mike Duffy, Detective Heather Mykes, Investigator Michael Dickson, the Board of County Commissioners of Douglas County, and the Douglas County Sheriff's Office (collectively, the "Defendants"). (ECF No. 84.)  For the following reasons the Motion is denied.

## I. BACKGROUND

Plaintiff initiated this action against Defendants on July 22, 2013.  (ECF No. 1.) On November 11, 2013, Defendants filed a Joint Motion to Dismiss (the "Motion to

Dismiss"). (ECF No. 32.) On August 20, 2014, the Court issued an Order granting in part the Motion to Dismiss. (ECF No. 78.) As part of the Order, the Court found that Plaintiff's malicious prosecution claim was timely and not barred by the statute of limitations. (*Id.* at 12.)

On September 4, 2014, Defendants filed the instant Motion (ECF No. 84), and a Joint Motion for Extension of Time to File Notice of Appeal and for Expedited Briefing (ECF No. 85). Plaintiff submitted his response to both motions on September 18, 2014 (ECF Nos. 87, 88), and Defendants submitted their replies on September 25, 2014 (ECF Nos. 94, 95).

## II. DISCUSSION

### A. Motion for Reconsideration

District Courts have broad discretion to reconsider their interlocutory rulings before the entry of judgment. *See Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011) ("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders."). Thus, a court can alter its interlocutory orders even where the more stringent requirements applicable to a motion to alter or amend a final judgment under Rule 59(e) or a motion for relief from judgment brought pursuant to Rule 60(b) are not satisfied. *See Laird v. Stilwill*, 982 F. Supp. 1345, 1353-54 (N.D. Iowa 1997).

"Notwithstanding the district court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal of parties who want to rehash old arguments.'" *National Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (quoting *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill.

1995)). "Rather, as a practical matter, to succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id*. Even under this lower standard, "[a] motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Id*.

Defendants argue that the Court erred by construing Plaintiff's allegations as a claim for malicious prosecution instead of a claim for false arrest. (ECF No. 84 at 3.) Defendants contend that *Myers v. Koopman*, 738 F.3d 1190 (10th Cir. 2013),[1] created a "bright line rule" distinguishing claims of malicious prosecution and false arrest based on whether the claimant's detention occurred before or after the institution of legal process. (ECF No. 84 at 3.) Defendants argue that because Plaintiff was initially arrested without a warrant, his claim should be for false arrest, not malicious prosecution, and, as such, his claim is untimely under the statute of limitations. (*Id.*)

"If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself." *Wallace v. Kato*, 549 U.S. 384, 390 (2007). Because Plaintiff alleged several forms of seizure that occurred

---

[1] Defendants submitted *Myers* to the Court in their Unopposed Joint Motion for Leave to Cite Supplemental Authority, and the Court considered this authority before issuing its Order, and, in fact, explicitly mentioned the case in its Order. (ECF Nos. 74, 78.) The Court, therefore, does not consider *Myers* to be an intervening change in controlling law for purposes of the instant Motion. *See Servants of the Paraclete*, 204 F.3d at 1012. Accordingly, because Defendants do not argue that new evidence has become available, the Court must find clear error or manifest injustice in order to grant Defendants' Motion. *See id.*

after legal process against him began on July 20, 2009 (ECF Nos. 46 at 11; 52 ¶¶ 73-74), the Court construed Plaintiff's Complaint as pleading a claim for malicious prosecution. (ECF No. 78 at 11-12.)

The Court has carefully analyzed Defendants' Motion, the Order granting the Motion to Dismiss, and the briefing on the underlying Motion to Dismiss. Based on that analysis, the Court concludes that its Order construing Plaintiff's allegations as a claim for malicious prosecution was not erroneous. Because Defendants have not shown that there was an intervening change in the law, newly discovered evidence, or the need to correct clear error or manifest injustice, Defendants' Motion is DENIED.

**B.     Motion for Certification of Issue**

Defendants alternatively seek certification for an interlocutory appeal of the Court's August 20, 2014 Order pursuant to 28 U.S.C. § 1292(b). When analyzing whether Certification is appropriate under § 1292(b) the Court must find that its Order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b); see also In re Grand Jury Proceedings June 1991, 767 F. Supp. 222, 223 (D. Colo. 1991).

It is entirely within a district court's discretion to certify an order for appeal under Section 1292(b). See Swint v. Chambers Cnty. Comm'n, 514 U.S. 35, 47 (1995). Only "exceptional" circumstances warrant interlocutory appeals under § 1292(b). See, e.g., Caterpillar Inc. v. Lewis, 519 U.S. 61, 74 (1996); Carson v. Am. Brands, Inc., 450 U.S. 79, 84 (1981) (interlocutory appeals are generally prohibited unless litigants can show

that an order will have serious consequences that can only be prevented by immediate appeal rather than appeal after judgment); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

The Court finds that certification of its subject statute of limitations ruling is not appropriate under 28 U.S.C. § 1292(b). A question presented for certification must be difficult, novel, and involve "a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions." *In re Grand Jury Proceedings June 1991*, 767 F. Supp. at 226. "It is the duty of the district judge . . . to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a *substantial* ground for dispute." *Max Daetwyler Corp. v. Meyer*, 575 F. Supp. 280, 283 (E.D. Pa. 1983) (emphasis in original). Due to the Supreme Court's holding in *Wallace*, the Court is unpersuaded that a substantial ground for difference of opinion exists, despite the fact that the instant parties have taken opposing views as to the interpretation of *Myers*. Accordingly, Defendants' motion for certification pursuant to 28 U.S.C. § 1292(b) is denied.[2]

## II. CONCLUSION

According, the Court ORDERS as follows:

1.  Defendants' Motion to Reconsider or Alternatively for Certification of Issue Pursuant to 28 U.S.C. § 1292(b) (ECF No. 84) is DENIED; and

---

[2] Because Defendants have already appealed the Court's previous denial of qualified immunity, and this Court has now denied Defendants' request to allow an interlocutory appeal, Defendants' Joint Motion for Extension of Time to File Notice of Appeal and for Expedited Briefing (ECF No. 85) is denied as moot.

2.  Defendants' Joint Motion for Extension of Time to File Notice of Appeal and for Expedited Briefing (ECF No. 85) is DENIED AS MOOT.

Dated this 30th day of September, 2014.

BY THE COURT:

_____
William J. Martínez
United States District Judge