IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 13-cv-1945-WJM-CBS

TYLER SANCHEZ,

    Plaintiff,

v.

JOE RYAN HARTLEY, Detective, in his individual capacity,
RYAN WOLFF, Detective, in his individual capacity,
MIKE DUFFY, Detective, in his individual capacity,
HEATHER MYKES, Detective in her individual capacity,
MICHAEL DICKSON, Investigator, in his individual capacity,
BOARD OF COUNTY COMMISSIONERS OF DOUGLAS COUNTY, and
DOUGLAS COUNTY SHERIFF'S OFFICE,

    Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION REQUESTING THAT THE COURT RETAIN JURISDICTION PENDING INTERLOCUTORY APPEAL**

---

This matter is before the Court on the Motion Requesting that the District Court Retain Jurisdiction Pending Interlocutory Appeal (the "Motion") filed by Plaintiff Tyler Sanchez ("Plaintiff").  (ECF No. 92.)  For the reasons set forth below, Plaintiff's Motion is denied.

**I.  BACKGROUND**

This case concerns Plaintiff's Fourth Amendment malicious prosecution claim brought under 42 U.S.C. § 1983.  Plaintiff alleges that Defendants Hartley, Wolff, Duffy, Mykes, and Dickson (the "Individual Defendants") knowingly elicited false confessions from Plaintiff, and used those statements to institute criminal process against him.  (ECF No. 52.)  In a Motion to Dismiss, the Individual Defendants asserted the defense

of qualified immunity against Plaintiff's claim. (ECF No. 32 at 11-16.) In the Order Granting in Part Defendants' Joint Motion to Dismiss, this Court found that Plaintiff had alleged facts sufficient to state a claim for a clearly established violation of his Fourth Amendment right to be free from unreasonable seizures, and that the Individual Defendants were, therefore, not entitled to qualified immunity. (ECF No. 78 at 19.) The Individual Defendants have filed an appeal challenging this Court's denial of their assertions of qualified immunity. (ECF No. 89.) That appeal is pending, and this case is stayed pending resolution of the appeal.

## II. ANALYSIS

A federal district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, can be subject to an interlocutory appeal. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).

"Because this divestiture of jurisdiction is subject to abuse and can unreasonably delay trial, . . . a district court may maintain jurisdiction over a defendant if the court certifies that the defendant's appeal is frivolous." *Langley v. Adams Cnty.*, 987 F.2d 1473, 1477 (10th Cir. 1993). "If the claim of immunity is a sham . . . the notice of appeal does not transfer jurisdiction to the court of appeals, and so does not stop the district court in its tracks." *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989). However, "it is the district court's *certification* of the defendant's appeal as frivolous . . .

rather than merely the *fact* that the appeal is frivolous which allows the district court to retain jurisdiction to conduct a trial." *Stewart*, 915 F.2d at 577 (emphasis in original).

Plaintiff's Motion argues that the Individual Defendants' appeal should be certified as frivolous and that his claims should proceed to trial. Generally, an argument is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court has reviewed the parties' arguments and concludes that the issue presented in the Individual Defendants' appeal is not frivolous. Qualified immunity is a difficult issue, and one on which lower courts are routinely reversed. *See, e.g.*, *Hernandez v. Story*, 459 F. App'x 697, 700 (10th Cir. 2012) ("[T]he portion of the district court's judgment denying summary judgment on the grounds of qualified immunity for malicious prosecution is reversed."); *Eaton v. Meneley*, 379 F.3d 949, 956 (10th Cir. 2004) (reversing the district court's judgment denying a motion to dismiss on the grounds of qualified immunity); *Butler v. City of Norman*, 992 F.2d 1053, 1056 (10th Cir. 1993) (same). In this case, the issue of the application of the doctrine of qualified immunity on the facts presented required considerable evaluation and analysis. The Court is unable conclude that the Defendant's instant appeal is frivolous, and as a consequence Plaintiff's Motion is denied.

### III. CONCLUSION

For the reasons stated above, the Court ORDERS as follows:

1. Plaintiff's Motion Requesting that the District Court Retain Jurisdiction Pending Interlocutory Appeal (ECF No. 92) is DENIED; and

2. After entry of this Order, the Clerk of Court shall administratively CLOSE this action. Any party may seek leave to reopen this case for good cause shown.

Dated this 13th day of November, 2014.

BY THE COURT:

_____
William J. Martínez
United States District Judge