**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-01945-WJM-KHR

TYLER SANCHEZ,

    Plaintiff,

v.

DETECTIVE MIKE DUFFY,
DETECTIVE HEATHER MYKES,
BOARD OF COUNTY COMMISSIONERS OF DOUGLAS COUNTY, and
DOUGLAS COUNTY SHERIFF'S OFFICE.

    Defendants.
_____

**UNOPPOSED MOTION TO AMEND FINAL PRE-TRIAL ORDER**
_____

    Plaintiff Tyler Sanchez, by and through his counsel, the law firm of Benezra & Culver, P.C. moves this Court for an Order modifying the Final Pre-Trial Order as follows:

    1.    The Plaintiff moves this Court for an Order amending the Final PreTrial Order to add Dr. Richard Spiegle as a will-call fact witness in this case. Plaintiff's Final Pre-Trial Order List of Witnesses identified Dr. Richard Spiegle as a will-call expert witness, but inadvertently failed to also identify him as a will-call fact witness. *See* Final Pre-Trial Order [Doc 212-1]

    2.    Good cause exists to allow this amendment. Dr. Spiegle was listed as a Fed.R.Civ.P. 26(a)(1)(A)(i) fact witness in his September 18, 2013, Rule 26 (a)(1) Initial Disclosures, *see* Plaintiff's Initial Disclosures, p. 3, attached as **Exhibit A,** and as a non-retained expert witness pursuant to Rule 26(a)(2)(C), *see* Plaintiff's Expert

1

Disclosures, p. 3, attached as **Exhibit B.**  Defendants deposed Dr. Spiegle on February 6, 2018.  *See* Dr. Spiegle Deposition, attached **as Exhibit C**, p. 1.

      3.     Dr. Spiegle is both a fact and an expert witness.  He had contact with Tyler Sanchez while he was incarcerated in November of 2009, and can testify as a fact witness as to observations he made during that contact.  *See* F.R.E. 701.  He can also testify as an expert witness with respect to his clinical observations and perceptions of Mr. Sanchez based on that contact.  *See* F.R.E. 702.  Although Plaintiff identified Dr. Spiegle as a will-call expert witness in his Final Pre-Trial Order, List of Witnesses, Plaintiff inadvertently failed to also list Dr. Spiegle as a fact witness.

      4.     A treating physician is allowed to testify as a non-expert lay witness if he or she testifies about observations based upon personal knowledge including the treatment of a patient. *See* Plaintiff's Response in Opposition to Defendants' Motion to Exclude Expert Testimony of Dr. Richard Spiegle,  Doc 280, pp. 4-5.  *See Davoll v. Webb*, 194 F.3d 1116, 1138 (10th Cir. 1989); *Weese v. Schukman*, 98 F.3d 542, 550 (10th Cir. 1996) ("Any opinions offered by [a lay witness doctor] were based on his experience as a physician and were clearly helpful to an understanding of his decision-making process in this situation.").

      5.     After conferring, Defendants do not oppose the Plaintiff's Motion to add Dr. Spiegle as a fact witness.[1]

---

[1] Defendants have filed a FRE 702 Motion to Exclude Expert Testimony by Dr. Richard Spiegle and Plaintiff has filed a Response in Opposition to that Motion.  This Motion does not purport to affect the Defendants' Rule 702 Motion.  *See* ECF 295, 280

5.     Plaintiff also moves to amend the Final Pretrial to reflect the fact that Defendants will call Dr. James Barrofio, as a fact, but not as an expert witness in this matter.  Good cause exists to permit this amendment as well. Defendant failed to identify Dr Barrofio as an expert witness in their Fed.R.Civ.P. Rule 26(a)(2) disclosures in this matter. After conferring, Defendants have agreed to call Dr. Barrofio only as a fact witness but not to seek to qualify him as an expert witness.

7.     **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a):** The Parties have conferred and Defendants do not oppose this Motion.

Respectfully submitted this 29th day of October, 2018.

**BENEZRA & CULVER, P.C.**

s/  John A Culver
John A. Culver, Esq.
Seth J. Benezra, Esq.
Adam W. Ray, Esq.
633 17th Street, Suite 1450
Denver, CO 80202
(303) 716-0254
sjbenezra@bc-law.com
jaculver@bc-law.com
awray@bc-law.com
*Attorneys for the Plaintiff*

**DOUGLAS COUNTY ATTORNEY'S OFFICE**

s/  Kelly Dunnaway
Kelly Dunnaway, Esq.
Dawn Johnson, Esq.
100 Third St.
Castle Rock, CO 80104
kdunnawa@douglas.co.us
djohnson@douglas.co.us
*Attorneys for Defendants Duffy, Mykes, Board of County Commissioners of Douglas County, and Douglas County Sheriff's Office*

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of October, 2018, I electronically served the foregoing with the clerk of the court using the ECF system as follows:

Gordon L. Vaughan, Esq.
Vaughan & DeMuro
111 South Tejon, Suite 545
Colorado Springs, CO 80903
vnd@vaughandemuro.com
*Attorneys for Defendants Duffy, Mykes,*
*Board of County Commissioners, Douglas County Sheriff's Office*

Kelly Dunnaway, Esq.
Dawn Johnson, Esq.
Office of the Douglas County Attorney
100 Third Street
Castle Rock, CO 80104
kdunnawa@co.douglas.co.us
djohnson@douglas.co.us
*Attorneys for Defendants Duffy, Mykes,*
*Board of County Commissioners, Douglas County Sheriff's Office*

Megan L. Taggart, Esq.
Assistant County Attorney
Office of the Douglas County Attorney
100 Third Street
Castle Rock, CO 80104
mtaggart@douglas.co.us
*Attorneys for Defendants Duffy, Mykes,*
*Board of County Commissioners, Douglas County Sheriff's Office*

/s/ *Carolyn Haddan*
_____
Carolyn Haddan, Litigation Paralegal