## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge William J. Martínez

Civil Action No. 13-cv-1945-WJM-SKC

TYLER SANCHEZ,

    Plaintiff,

v.

MIKE DUFFY, Detective, in his individual capacity,
HEATHER MYKES, Detective in her individual capacity,
BOARD OF COUNTY COMMISSIONERS OF DOUGLAS COUNTY, and
DOUGLAS COUNTY SHERIFF'S OFFICE,

    Defendants.

## ORDER REGARDING "BRIEF ON PRIVILEGE ISSUES"

Before the Court is the "Brief on Privilege Issues from the Office of the District Attorney for the Eighteenth Judicial District." (ECF No. 337.)  For simplicity, the Court will refer to the Office of the District Attorney for the Eighteenth Judicial District as "the District Attorney."

The District Attorney's brief follows up on a letter from counsel for the District Attorney to the parties stating that the District Attorney will assert all applicable privileges when employees of the District Attorney testify at the upcoming trial.  (*See* ECF No. 337-1.)  The District Attorney's brief explains the potentially applicable privileges and "respectfully requests this Court provide appropriate pretrial instructions to the parties not to inquire of the [District Attorney's] witnesses on any privilege at issue, ensure no such question is answered at trial, and determine an appropriate procedural mechanism to address such issues if necessary during the trial." (ECF No.

337 at 2.)

Under Federal Rule of Evidence 501, the Court has the power to determine the existence and scope of a privilege and to compel a party to answer despite an asserted privilege. But the Court will not be ruling, either before or during trial, on any assertions of privilege the District Attorney intends to make. The District Attorney asserted these privileges throughout discovery and no party moved to compel the purportedly privileged information. To the extent the Court might overrule an asserted privilege at this late date, the Court would be creating a very different case than the one developed by the parties up to this point. This would frustrate the preparations of all involved, with less than two weeks before trial starts.

The Court also will not restrict the parties from asking questions that might implicate the District Attorney's asserted privileges,[1] nor will the Court prevent a witness from offering information potentially subject to such a privilege. If counsel for the District Attorney deems it necessary, he may attend the trial and sit next to the District Attorney's witnesses as they testify, and he may assert the District Attorney's claimed privileges and instruct the witness not to answer.

If any party is concerned about the inferences a jury may draw from proceeding in this fashion, the party is free, subject to the Rules of Evidence, to elicit testimony or introduce exhibits intended to explain away unfavorable inferences.

---

[1] If a party repeatedly asks questions eliciting a privilege objection, the Court may nonetheless cut the line of questioning short per Rules 403 and/or 611(a).

SO ORDERED this this 14th day of November, 2018.

BY THE COURT:

William J. Martinez
United States District Judge