#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01945-WJM-SKC

TYLER SANCHEZ,

    Plaintiff,

v.

DETECTIVE MIKE DUFFY and
DETECTIVE HEATHER MYKES.

    Defendants.

_____

#### DEFENDANTS' OBJECTIONS TO
#### PLAINTIFF'S PROPOSED LIMITING INSTRUCTIONS
_____

Defendants, Mike Duffy and Heather Mykes, by and through the Douglas County Attorney, hereby submit their objections to Plaintiff's Proposed Limiting Instructions (Doc. No. 358).  In support thereof, Defendants state as follows:

    1.    Plaintiff's Proposed Limiting Instruction on Polygraphs

As Defendants understand the Omnibus Order [ECF 348], the Court deferred ruling on the effect the polygraph result may have on probable cause pending evidence that ADA Sugioka was aware of the evidence.  The testimony at trial will be that Defendant Mykes had never dealt with a polygraph before, was uncertain of its admissibility, and went back and forth on whether it was appropriate to include the results in an affidavit.  But she discussed the result with ADA Sugioka.  ADA Sugioka will testify similarly.  For these reasons, Defendants request that the Court await testimony before determining whether and to what extent a limiting instruction is needed to address the scope of

admissibility of the polygraph results.  Defendants believe a limiting instruction will ultimately not be necessary.

Plaintiff further asserts that a limiting instruction will be warranted because he has allegedly "just determined that the July 22, 2009, Affidavit for Arrest Warrant was in fact filed with the criminal Court on July 22, 2009" by referring to a one-page Motion to Seal Affidavit that was filed on July 22, 2009.  (Doc. No. 360 at 2.)  The testimony at trial of Heather Mykes and Brian Sugioka—who signed the motion upon which Plaintiff relies—will not support Plaintiff's assertion.  Heather Mykes and Brian Sugioka will establish that the Affidavit for Arrest Warrant dated July 22, 2009 was submitted to the DA's office and was not filed with the Court in July 2009.  Furthermore, the Clerk of the Court has confirmed that the Court file does not contain an Affidavit for Arrest Warrant filed in July 2009.  (*See* Ex. A hereto.)  Accordingly, the testimony on this issue will not establish grounds requiring Plaintiff's proposed limiting instruction.

In the event the Court concludes that a limiting instruction is needed, Defendants adopt and incorporate their objections to Plaintiff's Proposed Instruction No. 10 in Defendants' Objections to Plaintiff's Proposed Disputed Jury Instructions and Verdict Forms (Doc. No. 324 at 9-10 & n.23-25) as if fully set forth herein.  Plaintiff's reliance on the jury instruction identified in *U.S. v. Hall*, 805 F.2d 1410, 1416 (10th Cir. 1986), is particularly inappropriate given that the law upon which the jury instruction has been abrogated.  *See U.S. v. Tenorio*, 809 F.3d 1126, 1130 (10th Cir. 2015) (recognizing abrogation of *U.S. v. Hall*).  Furthermore, the statement of law announced in *U.S. v. Hall*, was narrower than the language in the jury instruction.  805 F.2d at 1416 ("In this Circuit, polygraphs are not admissible *to show that one is truthful*.") (emphasis added).  The

proposed limiting instruction proffered by Plaintiff is also likely to be confusing to the jury in that, while acknowledging the polygraph results are relevant to Defendants' state of mind, it also contradictorily suggests that the polygraph evidence should not be considered as evidence of anything. (*See* Doc. No. 358 at 1) ("In the federal courts, the results of a polygraph examination are not ordinarily admitted *to show the existence or non-existence of a fact at issue.*" (emphasis added)).

2. Plaintiff's Proposed Limiting Instruction With Respect to the Preliminary Hearing

Defendants object to Plaintiff's proposed limiting instruction as confusing and mischaracterizing the law. Plaintiff's instruction mischaracterizes the law on this issue. Defendants do not agree that the "standard" for probable cause is "different." Specifically, the "standard" for demonstrating probable cause is establishing that a substantial probability existed that the suspect committed the crime. *Shed v. Ok. Dep't of Human Servs.*, 729 Fed. Appx. 653, 657 (10th Cir. 2018) (quoting *Kerns v. Bader,* 663 F.3d 1173, 1188 (10th Cir. 2011)). Plaintiff's reference to a different "standard" may confuse the jury in suggesting that the standard for establishing probable cause changes over the course of criminal proceedings.

Additionally, while the judge at Plaintiff's preliminary hearing ultimately voiced her decision not to make credibility determinations in concluding that probable cause existed, she was not prohibited from doing so. *See, e.g.*, *People v. Fortune*, 930 P.2d 1341, 1345-46 (Colo. 1997) (existence of probable cause depends on the totality of the circumstances, and where information originates from untrustworthy source, there must be evidence of sufficient circumstances justifying the reliability of the speaker or the

credibility of the speaker's information). Rather, that conclusion was necessarily informed by the judge's full consideration of the substantial evidence presented by both sides.

Defendants' proposed limiting instruction more accurately enumerates the process for evaluating the impact of alleged misrepresentations and concealed facts set forth in *Meacham v. Taylor*. The jury should be instructed to consider the impact of any misrepresentations of fact or concealed facts in the manner enumerated by the Tenth Circuit.

Respectfully submitted this 21st day of November, 2018.

>OFFICE OF THE COUNTY ATTORNEY
>DOUGLAS COUNTY, COLORADO
>
>*s/ Dawn L. Johnson*
>Sean Kelly Dunnaway, Deputy County Attorney
>Dawn Johnson, Sr. Assistant County Attorney
>100 Third Street
>Castle Rock, CO 80104
>Telephone: 303-660-7414
>Email: kdunnawa@douglas.co.us,
>djohnson@douglas.co.us
>
>*Attorneys for the Douglas Defendants*

## **CERTIFICATE OF SERVICE**

      **I HEREBY CERTIFY** that on this 21st day of November, 2018, I electronically filed the foregoing **DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED LIMITING INSTRUCTIONS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

      /s/ Dawn L. Johnson

*Pursuant to USDC ECF Procedure V.C.5, a printed copy of this document with original signatures will be maintained by the Office of the Douglas County Attorney and made available for inspection upon request.*